IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHERYL KING, | ) | C. A. No. 2:09-2358-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **O R D E R** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District and on consent of the parties. 28 U.S.C. § 636(c).

On September 4, 2009, the plaintiff, Cheryl King, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits and supplemental security income benefits on April 14, 2005, alleging that she became unable to work on September 2,

2002, due to back pain, depression, post-traumatic stress disorder (PTSD), and a history of alcohol abuse. The applications were denied initially and on reconsideration by the Social Security Administration. On February 17, 2006, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney and Mark Leaptrot, a vocational expert (Tr. 656-685), considered the case de novo, and August 28, 2008, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 14-33). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on July 10, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since September 2, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.). ...
>
> 3. The claimant has the following severe impairments: lumbar and cervical degenerative disc disease, myofascial shoulder pain, depression and posttraumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)). ...

2

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). ...

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). ...

6. The claimant was born on March 18, 1969, and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience and RFC [for a reduced range of light work], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966). ...

10. The claimant has not been under a disability, as defined in the Social Security Act, from September 2, 2002 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 16-32.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by

substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R.

Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

**ASSERTED ERRORS**

By brief the plaintiff asserted that she was entitled to an award of benefits or a remand for additional administrative proceedings for the following reasons:

> 1) The administrative law judge erred in failing to evaluate evidence indicating that the King's spinal impairment meets and/or equals the criteria of Listing 1.04.
>
> 2) The administrative law judge failed to properly consider the Veteran's Administration finding of disability.
>
> 3) The administrative law judge did not perform the analysis of the treating and evaluating physician opinions required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p.

> 4) The administrative law judge did not explain
> his findings regarding King's residual functional
> capacity, as required by Social Security Ruling
> 96-8p.[1]

### Consideration of Listing 1.04 A

The plaintiff first argued that the administrative law judge erred in his evaluation of this case at step three of the sequential evaluation process through his failure to consider the evidence that the plaintiff met listing 1.04 A despite the fact that the administrative law judge indicated he had considered King under listing 1.04, however the administrative law judge found she did not have a condition meeting the requirements of the listing. Tr. 25-26.

Listing 1.04 A states:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

In his evaluation at the third step of the sequential evaluation

---

[1] At oral arguments it appeared that this was actually a reference to the administrative law judge's failure to evaluate the VA determination and the medical opinions, errors 2 and 3 and not a separate error.

process, the administrative law judge found King did not meet this listing, and provided the following analysis:

> Studies from 2007 showed evidence of lumbosacral nerve root compression. However, there is no evidence of atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss and there is no evidence of positive straight leg raise testing.

Tr. 25-26.

### Findings of the Veteran's Administration

Plaintiff's third complaint is that the administrative law judge failed in his required duty to weigh and consider the opinion from the Veteran's Administration. Social Security Ruling 06-03p provides that the Social Security Administration is not bound by the findings of another agency. However, SSR 06-03p further states:

> However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527,

7

416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."

Analysis of the Treating and Evaluating Physician Opinions

The plaintiff next complains that in the hearing decision, the administrative law judge stated that "no treating source has described claimant has having functional limitations or stated that the claimant is disabled or unable to work." Tr. 30. However, treating sources at the Veteran's Administration repeatedly assessed Plaintiff with a GAF score of 50 or below, and Dr. Leslie B. Greene, Ph.D. opined that Plaintiff's "prospective vocational and social future would need to be judged to be remote." Tr. 170.

The treating physician's opinion must be given controlling weight if it is well-supported and not inconsistent with other substantial evidence of record. Coffman v. Bowen, 829 F.2d 514 (4th Cir. 1987). The Commissioner is not bound by the opinion of the treating physician but is required to give it great weight and may not disregard it in the absence of "persuasive contradictory evidence." Mitchell v. Scheiker, 699 F.2d 185 (4th Cir. 1983).

The weight factors that the Commissioner applies are codified at 20 CFR § 404.1527(d)(1)-(6). They include the following:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your

> impairment(s) is well-supported by medically
> acceptable clinical and laboratory diagnostic
> techniques and is not inconsistent with the other
> substantial evidence in your case record, we will
> give it controlling weight.

20 CFR § 404.1527(d)(2).

### The administrative law judge's duty to adequately explain the basis of his Residual Functional Capacity finding

Plaintiff's fourth and final assignment of error is that the administrative law judge did not explain his findings regarding Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

Social Security Ruling 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." This ruling further provides:

> In assessing RFC, the adjudicator must discuss the
> individual's ability to perform sustained work
> activities in an ordinary work setting on a
> regular and continuing basis (i.e., 8 hours a day,
> for 5 days a week, or an equivalent work
> schedule), and describe the maximum amount of each
> work-related activity the individual can perform
> based on the evidence available in the case
> record. The adjudicator must also explain how any
> material inconsistencies or ambiguities in the
> evidence in the case record were considered and
> resolved.

The administrative law judge is also required to include in his RFC assessment, "a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably

9

be accepted as consistent with the medical and other evidence."
Id.

## Discussion

At oral arguments, plaintiff's counsel acknowledged that this was not a fact intensive case. The plaintiff's arguments are three:

1. The administrative law judge found the plaintiff did not meet the requirementrs of Listing 104A noting among other things that there was "no evidence of positive straight-leg raising test," (Tr. 26) when in fact there was such evidence;

2. The administrative law judge failed to properly consider the decision of disability from the Veterans Administration because, "it was not even submitted into evidence." (Reply Brief of Plaintiff P. 6), and

3. The administrative law judge erred in finding, "no treating source has described claimant as having functional limitations or stated that the claimant is disabled or unable to work," Tr. 30, when numerous sources assessed the plaintiff with a GAF score of 50 or below. (Reply Brief of Plaintiff P. 8).

**Argument 1**

As noted by both the Commissioner in his brief and the plaintiff's attorney at oral argument, the evidence under the best of circumstances for the plaintiff does not unequivocally demonstrate the plaintiff meets § 1.04A. Further the plaintiff's

10

counsel conceded at oral arguments that the administrative law judge's statement with regard to straight-leg raising was not crucial to the determination that the plaintiff meets or equals listing 104A, but that had there been an accurate finding, there might have been a different outcome.

The thrust of this argument is a technical one, as is the response. Listing 1.04A provides,

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test **(sitting and supine)**; (emphasis added)

20 C.F.R. § 404, Subpt. P, App. 1 § 1.04A.

Here the administrative law judge found that the plaintiff had not presented evidence of the objective criteria required to meet § 1.04A. However the administrative law judge in his opinion parroted the listing, finding "no evidence of positive straight-leg raising test," but omitting the phrase "sitting and supine." The plaintiff correctly asserts that there was evidence of a straight-leg raising test, and thus argues the matter should be remanded to the Commissioner. However, the evidence of

11

positive straight-leg raising is incomplete and does not reference the position which resulted in the positive finding. Mere absence from the opinion of the phrase "sitting and supine," is not such an egregious error as to merit remand. The administrative law judge properly found the plaintiff did not meet the listing of § 1.04A, and that finding is supported by substantial evidence of record.

**Argument 2**

The plaintiff argued by brief and at oral arguments that the administrative law judge did not properly consider the finding of disability by the Veterans Administration. The argument is not straight forward. The argument in fact is a claim that while the administrative law judge did consider the finding of disability by the Veterans Administration, and did consider the VA medical records on which the VA based its decision, he did not consider the written opinion of the Veterans Administration because no such opinion is of evidence in the record. The nature of the argument is further disclosed by the admission of plaintiff's counsel at oral arguments that he had not seen the opinion, had no knowledge of what was in the opinion and only speculated that the opinion might contain additional evidence or rational which would be favorable to the plaintiff.

Social Security regulations provide, a decision by any nongovernmental agency or any other governmental agency about

12

whether an individual is disabled or blind is based on its rules and is not the Commissioner's decision. The Commissioner must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that an individual is disabled or blind is not binding on the Commissioner. 20 C.F.R. § 404.1504.

Social Security regulations also describe as evidence "anything you or anyone else submits to us or we obtain that relates to your claim. This includes, but is not limited to decisions by an governmental or nongovernmental agency about whether you are disabled." 20 C.F.R. § 404.1512(b)(5). And Social Security Ruling SSR 06-03p "Considering Opinions and Other Evidence from Sources Who Are Not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies", provides, ". . . we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 C.F.R. §§ 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and

physical impairment(s) and show the degree of disability determined by these agencies based on their rules. . . ."

Of course the short answer to the plaintiff's argument is that the written decision was not in evidence, and all evidence from the Veterans Administration, including the fact that it had made a finding of disability, was considered. (Tr. 30-31).

Nothing presented here justifies reversal or remand of the Commissioner's decision.

**Argument 3**

Like the previous arguments, this argument is not straight forward. The plaintiff asserts that the administrative law judge erred in stating, "no treating source has described claimant as having functional limitations or stated that the claimant is disabled or unable to work." (Tr. 30). At oral argument, plaintiff's counsel advised that indeed no physician had described the claimant, in haec verba, as having functional limitations or stated that the claimant is disabled or unable to work. However, the plaintiff argues there were numerous findings that the plaintiff had a Global Assessment of Functioning (GAF) Score of 50, and that a GAF Score of 50 reflects Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Therefore, the administrative law judge was wrong in finding, "no

14

treating source has described claimant as having functional limitations or stated that the claimant is disabled OR unable to work." Plaintiff's Brief p. 26 fn. 1).

A review of the administrative law judge's opinion belies the plaintiff's argument.

First, the administrative law judge noted specifically that the plaintiff had GAF's of 58 and 60 in June 2004, and a GAF of 50 in November 2009. (Tr. 20). Second, while the plaintiff argues that a GAF score is opinion evidence of disability to be treated like a physician's opinion or statement of disability, the definition of a GAF rating of 50 as presented by the plaintiff does not support that conclusion. The GAF Score is evidence of serious symptoms or impairments, but it hardly reflects a judgment about how those impairments impact on the plaintiff's functional ability. 20 C.F.R. § 404.1527. In fact the GAF Score does not even indicate or opine as to the specific nature of the plaintiff's impairment, but rather references a whole range of symptoms and limitations ranging from suicidal ideation to a serious impairment in social, occupational or school functioning. The score alone is simply too general to constitute an opinion of disability. While it may provide support for a physician's opinion of disability, standing alone it is not such an opinion.

## CONCLUSION

Therefore, for the aforementioned reasons, and after a thorough and careful review of the record, including the findings of the administrative law judge, and the briefs from the plaintiff and the Commissioner, the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

August 31, 2010